## George Brown, for use, etc., v. Oakland National Bank

### Gen. No. 12,924.

1. CHECK—*when payee entitled to sue bank in his own name.* When in this state a check makes the holder an assignee of a fund in bank, it gives him the right, after presentation, to sue the bank in his own name. This doctrine, however, applies to checking accounts and not to those accounts where a demand does not entitle the holder to payment.

2. CHECK—*when dishonor of, proper.* The refusal by a bank to pay a check is proper where it appears that the funds in its hands had prior to the presentation of the check been made subject to a judgment against it as garnishee, and a second refusal to pay such check is justified even though such judgment had been satisfied before the bank had actually paid out the funds, where the satisfaction was made in contemplation of the bank's payment of the amount thereof.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed January 7, 1907.

BEAUREGARD F. MOSELEY, for appellant.

EDWIN J. HARVEY and BOWLES & BOWLES, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

One George Brown, on December 21, 1903, had a savings account in the Oakland National Bank, which on December 26, 1903, according to the transcript from the docket of Philip Koehler, a justice of the peace of Cook county, the bank as garnishee admitted amounted to $43. This is the only evidence as to the amount of the account at any time which appears anywhere in the record. December 21, 1903, one Greer sued Brown before justice of the peace Koehler and garnisheed the Oakland National Bank in an attachment proceeding. December 26, judgment was rendered by the justice in said suit against

Brown for $43 and costs, and on the answer above alluded to of the Oakland National Bank, judgment was also rendered against the Oakland National Bank as garnishee for $43 without costs.

December 29, 1903, Brown took an appeal from the judgment against him to the Superior Court of Cook county. On the same day Brown gave B. F. Moseley, his lawyer, a check on the Oakland National Bank for $43, which Moseley on that date presented to the bank through its cashier who refused to pay it.

November 3, 1904, while the appeal to the Superior Court was pending, the parties in interest in the judgment agreed to a settlement which involved the payment by the Oakland National Bank to the beneficial plaintiff Greer of the $43 judgment against the bank. The regular and most appropriate procedure would have been for the defendant Brown first to have dismissed his appeal and then for Greer to have released the judgments against Brown and against the bank on the justice's docket only on the bank's paying over the money. The bank, had this course been adopted, would of course have paid the judgment before the release or satisfaction of it on the justice's docket. But although this regular procedure was not taken, the effect and the evident purpose of what was done was the same.

Greer and Brown appeared before the justice and signified their agreement. Greer satisfied the judgments and received from the justice a certificate addressed to and for presentation to the Oakland National Bank, describing the judgment against the bank as garnishee, saying that it had been settled between the parties, and satisfied in full on the docket and the money was to be paid to the plaintiff Greer. The appeal was temporarily suffered to remain on the docket of the Superior Court, but was neglected by the parties and dismissed for want of prosecution when it was reached on the calendar, September 14, 1905.

Between September 14 and September 19, 1905, Moseley apparently deposited the check for $43 in his favor in another bank in Chicago, and on its presentation through the clearing house it was again refused by the Oakland bank.

Moseley also brought suit on it against the Oakland National Bank before a justice of the peace, in the name of "G. W. Brown for use of B. F. Moseley." Before the justice he recovered judgment for $36.72. By what process this amount was reached does not appear. The bank appealed to the Superior Court, where the cause was heard before the court without a jury and judgment given for the defendant. From this judgment an appeal was taken by the plaintiff to this court.

The contention of the plaintiff apparently is that under the well settled rule of law in this state concerning bank checks and the relation of holders thereof to the banks on which they are drawn, his rights as the holder of the check in question became fixed against the Oakland National Bank when the check was presented on December 29, 1903. He contends that as holder of the check he was an assignee of the fund on which it was drawn, subject to the judgment against the bank, the effect of which had been suspended by appeal, and that when this judgment was satisfied on the justice's docket November 3, 1904, his right to the money became absolute.

This contention necessarily involves the further assumption on which he did not proceed, that the suit might and should have been brought with himself as nominal as well as beneficial plaintiff, for when in this state a check makes the holder an assignee of a fund in bank, it gives him the right, after presentation, to sue the bank in his own name.

The claim of the plaintiff, however, to the benefit of this doctrine, even had he brought the action in his own name, would be subject to various fatal objections.

The theory adopted in Illinois is that by virtue of holding himself out to pay on demand checks on bankable funds by depositors, when the amount on deposit and subject to call on demand is equal to such checks, a banker has beforehand accepted a check (which is in fact a bill of exchange) drawn on such funds as fully as though he had done so expressly on the check itself after it was drawn. The doctrine therefore applies only to deposits subject to check on demand, not to savings deposits where something besides the presentation of a check is necessary under the rules of the bank to secure its payment. It is not only not shown in this record that there was $43 to the credit of Brown in the Oakland National Bank on December 29, 1903, in an ordinary checking account; it is apparent that there was not. Brown's deposit was a savings deposit, and the pass-book was necessary to secure its payment, and although it does not appear affirmatively that the bank could require notice of withdrawal, there is nothing to show that this ordinary feature of savings deposits was absent.

Then the rule is strictly confined to cases where there is proof that at the time of presentation of the check there were funds enough in the deposit account to meet it. There is no such sufficient proof here. That the transcript of the justice recites that three days before the presentation of the check the president of the bank said that the bank was in possession of $43 belonging to Brown, is not sufficient. *Non constat* the $43 was bankable funds—*non constat* indeed, that some other disposition of the whole sum or some part of it was not made between December 26 and December 29.

In the form in which the action is brought, however—Brown for the use of Moseley against the bank—it is even more plainly futile, if that be possible. By so bringing it Moseley admits that any defense that can be made against Brown is good against that claim.

Kent v. Buda F. & Mfg. Co.

In this case it appears that if the bank did have $43 of the money of Brown on December 29, 1903, it expended that money, with Brown's consent, to pay a judgment against Brown on November 3, 1904. How can Brown or any one suing in his name escape the force of such a defense to a suit begun on September 18, 1905?

If Moseley rests his contention on the rights he personally acquired on December 29, 1903, of which, as he argues, the actions of the bank and Brown could not deprive him, he should have brought the suit in his own name, not in Brown's. But even then, and even if the other objections we have noted were out of the way, he could not have succeeded. A court would be slow, if it could be helped, to say that because the bank paid the money for which it was liable on a judgment, immediately after a formal satisfaction of the same, made in anticipation of the payment, instead of immediately before a satisfaction made in acknowledgment of such payment, it must therefore pay it twice.

The judgment of the Superior Court was right and is affirmed.

*Affirmed.*